## WHITE v. AVANT et al. (No. 1381.)

(Court of Civil Appeals of Texas. Beaumont. March 23, 1926.)

1. **Brokers** ⬦⟹84(1)—**In brokers' action for commission, where defendant answered by general and special denials and by pleading accord and satisfaction, he did not have burden of proving any issue except accord and satisfaction.**

In brokers' action for commission, where defendant answered by general and special denials and by pleading accord and satisfaction, instruction that after plaintiffs established material allegations of petition burden was on defendant to establish allegations of answer *held* error, since defendant had such burden only as to accord and satisfaction.

2. **Trial** ⬦⟹351(2)—**In brokers' action for commission, where defendant's plea of accord and satisfaction was supported by evidence, court erred in refusing to submit that issue to jury, though issue tendered was defective.**

In brokers' action for commission, where defendant's plea of accord and satisfaction was supported by evidence, court erred in refusing to submit special issue thereon to jury, though element of good faith was not embraced in issue as tendered, since in such case court had duty to frame issue correctly and submit it.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Ira Avant and others against S. E. White. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Dycus & Shivers, of Port Arthur, for appellant.

Wistner & White, of Port Arthur, for appellees.

HIGHTOWER, C. J. This is a suit filed in the county court at law of Jefferson county by the appellees, as plaintiffs, in which they sought to recover of appellant, who was defendant below, a money judgment for $500, that amount being claimed by the plaintiffs as a commission due them as real estate agents and brokers for services performed by them in selling a certain lot in the town of Port Arthur, Tex., owned by appellant and which had been listed with appellees as real estate brokers for sale. The appellees alleged, in substance, that appellant listed the property here involved with them as real estate brokers about the 28th day of June, 1923, and that they were to sell the property for appellant for a consideration of $15,000 net to appellant, and that whatever amount the property sold for in excess of $15,000 appellees were to have as their commission for their services as real estate brokers. They further alleged, in substance, that $3,000 of the total consideration for the property was to be paid in cash and the balance was to be evidenced by twelve notes of the purchaser for $1,000 each, payable in equal annual installments.

Appellees further alleged that, shortly after the property was listed with them for sale, they found a purchaser who was willing, ready, and able to buy the property upon the terms on which appellees had it for sale, and that they introduced this purchaser, one Mrs. J. F. Fawcett, to appellant, and that, after she inspected the property, and after some negotiations, Mrs. Fawcett finally agreed to purchase the property and to pay therefor $15,500, but that the terms upon which she agreed to purchase the property were voluntarily changed by appellant, stating in this connection the changes in the terms from those in the original contract between appellant and appellees, and that Mrs. Fawcett did, on or about the 24th of October, 1923, purchase the property from appellant and paid him therefor the price of $15,500, stating in detail the terms upon which the sale was made to Mrs. Fawcett and how the consideration was paid, by notes, etc. These allegations show that the terms upon which appellant sold the property to Mrs. Fawcett were materially different from the terms of sale upon which appellees had the property for sale under their contract with appellant, but it was alleged by appellees that they procured Mrs. Fawcett as the purchaser of the property, and that they were the procuring cause of her purchasing the property, and that the price she paid to appellant for the property was in excess of $15,500, but that appellees were never paid anything by appellant for their services as real estate brokers, although appellant agreed before the change in the terms upon which the property was sold to Mrs. Fawcett that he would still pay to appellees whatever amount the property was sold for to her in excess of $15,000. Appellees then alleged that, appellant having voluntarily changed the terms of the sale of the property, and having received the price therefor of at least $15,500, he was bound to pay to appellees as real estate brokers, under his contract with them, both as originally made and as subsequently modified, the sum of $500, that being the amount that the property sold for in excess of $15,000.

Appellant answered by a general demurrer and a number of special exceptions, general and special denials, and by a plea of accord and satisfaction. After having generally denied the plaintiffs' cause of action, as alleged in their petition, appellant specially denied that appellees ever produced a purchaser for the property who was willing, ready, and able to purchase and pay for the same upon the terms on which appellees had the property for sale during the period that it was in their hands as real estate brokers, and further specially denied that appellees were the procuring cause of the sale by him of the

property to the purchaser, Mrs. Fawcett, and specially denied that the property was sold to Mrs. Fawcett at all during the existence of the contract of agency between appellant and appellees.

Appellant further specially alleged that the property was listed with appellees with the understanding that they should find a purchaser for the property at the net price to him of $15,000, $3,000 to be paid in cash and the balance to be evidenced by notes of the purchaser for $1,500 each, payable annually until the full price of the property was paid. And appellant further specially alleged that the contract of agency between him and appellees was for a limited period of time, not to exceed 90 days, and that appellees were not his exclusive agents for the sale of the property, but that the property was at the same time listed with other real estate agents in the city of Port Arthur, and that appellant himself reserved the right to make sale of the property. Appellant then alleged that after the property had been in the hands of appellees for some two or three months, and after it appeared that appellees would be unable to effect a sale of the property, that he and appellees came to an agreement by which the property was taken out of the hands of appellees, and that they no longer thereafter were authorized to act as appellant's agents in making the sale of the property, and that they did not do so.

Appellant further alleged, in substance, that before he sold the property to Mrs. Fawcett he notified appellees of his intention to do so, and gave them to understand that there would be no commission coming to them in the event he should sell the property to Mrs. Fawcett, and that he considered their agency in the matter at an end.

This states, in substance, the pleadings of the parties, and is a sufficient statement thereof, since there is no question of pleading involved in this appeal.

The case was tried with a jury and was submitted upon four special issues requested by the plaintiff, and upon the jury's verdict judgment was rendered in favor of appellees for $500, with interest on that amount at the rate of 6 per cent. per annum from the 24th day of October, 1923, to the date of the judgment, and with interest thereafter at the rate of 6 per cent. per annum.

Appellant, after his motion for new trial was overruled, in due time perfected an appeal from the judgment to this court, and has assigned some 15 or 16 errors by which the verdict and judgment against him are challenged.

The judgment will have to be reversed on two of these assignments, and since it is not probable that the matters complained of by other assignments will arise upon another trial, we will not discuss or mention them. Neither is it necessary for the disposition of this appeal to let this opinion show the issues that were submitted and answered by the jury.

[1] In connection with the special issues submitted, the court charged the jury as follows:

"You are instructed, as a part of the law applicable to the case, that the burden rests upon the plaintiffs to establish by a preponderance of the evidence the material allegations in their petition, and when they have done so, then the burden rests upon the defendant to establish by a preponderance of the evidence the allegations in his answer relied upon by him to defeat the cause of action of plaintiffs."

This charge was objected to by counsel for appellant on several grounds before it was read to the jury, and all the objections were overruled, and the action of the court in that connection has been properly assigned here as error. One of the objections to the charge was that it erroneously placed the burden of proof upon defendant as to allegations contained in his answer touching which the burden of proof was upon the plaintiffs. We sustain this contention. There was but one allegation contained in appellant's answer upon which the burden of proof in this case rested upon the appellant, and that was his plea of accord and satisfaction. If the court deemed it necessary or proper to charge upon the burden of proof at all, he should have instructed the jury that the burden of proof as to all issues submitted to them was upon plaintiff, with the exception of the defendant's plea of accord and satisfaction, and that as to that defense the burden of proof was upon the defendant. But the court did not submit the defendant's plea of accord and satisfaction at all, as he should have done, and therefore there was nothing submitted to the jury in connection with which the burden of proof rested upon appellant. Appellees' contention that they had found a purchaser who was willing, ready, and able to purchase the property upon the terms for which they had it for sale was a matter that they were required to prove by a preponderance of the evidence; their allegation that they were the procuring cause of the sale as it was made to Mrs. Fawcett was a matter upon which the burden of proof rested upon them. In fact, as we have stated, every allegation contained in their petition constituting a necessary part of their asserted cause of action they were required to prove by a preponderance of the evidence, all of those allegations having been put in issue by appellant's general denial and special denials, and it was clearly error in the trial court to charge as he did that the burden of proof rested upon appellant to establish any issue as the court had submitted the case to the jury.

[2] Now, without discussing the evidence in this case, because it is wholly unnecessary to do so, it is very clear to us that the issue of accord and satisfaction, which was prop-

erly pleaded by appellant, was well supported by evidence, and therefore appellant was entitled to have that issue submitted to the jury for its determination. The trial court having failed to include this special issue in his submissions to the jury, appellant specially requested the submission of that issue as pleaded by him, and presented the issue so requested to the court in due time, but the court declined to submit the issue to the jury. It is conceded by the able counsel for appellees that the issue was properly pleaded, and, as we understand them, they do not deny that the issue as pleaded had sufficient support in the evidence to require its submission, but they only contend that the trial court was correct in refusing the issue as tendered by appellant, because the element of good faith was not embraced in the issue as presented to the court. It is true that this requested special issue did not have in it the element of good faith. In other words, it did not ask the jury whether appellant's contention that he did not owe appellees the amount claimed by them was "bona fide." This is the only possible objection that could be raised to the issue as presented to the court. Now, the rule is that, where the court in its main submission to the jury has not embraced some pleaded affirmative defensive issue at all, then, if the requested issue, properly pleaded and supported by evidence, be tendered to the court in due time, it is the duty of the court to give the issue presented, if correct, but, if not exactly correct, if it be sufficient to call the court's attention to the issue that the court ought to have embraced in the main submission, then it is the duty of the trial court to frame the issue correctly and submit it to the jury. This was not done by the trial court, and constitutes reversible error in this case.

As we have stated, the other matters complained of by appellant will probably not arise upon another trial, and we pretermit any discussion of them.

For the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.